## Lesher v. Martin et ux.

*James A. Strite*, for exceptant; *T. Z. Minehart*, contra.

DAVISON, P. J., December 19, 1931.—On the sale of defendant's real estate by the sheriff on the above-entitled fi. fa. and the distribution of the proceeds of said sale, allowance was made to George H. Bitner, Tax Collector of the Borough of Chambersburg, in full for his claim for taxes for 1930 and 1931, which included a per capita tax on George W. Martin in the school tax item for 1930 and 1931, and a tax on the occupation of said George W. Martin, in the borough and bond taxes, for the same two years. For the year 1930 said claim was also

allowed for an added penalty of one per cent. per month on the school tax for 1930. These items are excepted to.

The Act of May 16, 1923, P. L. 207, Sec. 2, is as follows:

"All taxes which may hereafter be lawfully imposed or assessed on any property in this Commonwealth, and all taxes heretofore lawfully imposed or assessed by any municipality on any property in this Commonwealth for the years 1921, 1922 and 1923, in the manner and to the extent hereinafter set forth, shall be and they are hereby declared to be a first lien on said property, together with all charges, expenses and fees added thereto for failure to pay promptly; and such liens shall have priority to and be fully paid and satisfied out of the proceeds of any judicial sale of said property, before any other obligation, judgment, claim, lien or estate with which the said property may become charged or for which it may become liable, save and except only the costs of the sale and of the writ upon which it is made."

Section one of said act, which defines what the words used in said act mean, says: "The word 'property,' as used in this act, means the real estate subject to the lien, and against which the claim is filed as a lien."

When we consider the word property in that light we have no difficulty in arriving at the conclusion that only that tax is a first lien on the real estate assessed for that tax and is to have priority and to be fully paid and satisfied out of the proceeds of said real estate, which has been imposed or assessed on said real estate. We cannot consider an occupation tax or a per capita tax as being assessed or imposed on the property from which the fund for distribution herein arises, and, hence, cannot consider it as a first lien on the property sold by the sheriff on this execution and, therefore, entitled to priority in payment.

The other question before us is the allowance of the penalty of one per cent. per month under the Act of May 9, 1929, P. L. 1684. It is argued to us that the act imposing this penalty is unconstitutional, and two cases are cited to us, both lower court cases, in one of which the act is declared unconstitutional and in one of which its constitutionality is upheld. The constitutionality of the act is not raised by the exceptions, unless we so consider the phrase "includes interest unlawfully added." We do not believe that, with no exception except that, we are called upon to decide as to the constitutionality of the act of assembly, but if we are to do so, under present circumstances, we would hold the act constitutional. We are not convinced by the opinion of Judge Fleming in Bowers v. Smith, County Treasurer, 14 D. & C. 220, that this act is unconstitutional, and as it has been repealed by the Act of May 29, 1931, P. L. 280, the question now presented is not of as much importance as if that legislative action had not been taken. If we were fully convinced that it was an act which was unconstitutional, we would so hold, but we are not so convinced and will uphold it.

We will, therefore, direct that the schedule of distribution be amended by the sheriff so that the per capita tax and the occupation tax included in said award to George H. Bitner, tax collector, be stricken from that schedule, but the schedule in other respects, except as modified by agreement heretofore made, be affirmed.

Now, December 19, 1931, the sheriff is directed to amend his schedule of distribution in said matter in accordance with the above opinion, that is, to strike off from the allowance of George H. Bitner, tax collector, such sums as represent per capita and occupation tax, and the exceptions filed are to that extent sustained. The other exceptions are overruled.

From Albert Strite, Chambersburg, Pa.

NOTE.—The constitutionality of the Act of May 9, 1929, P. L. 1684, was sustained in In re Tax Sales by County Treasurer, 15 D. & C. 223.