541 A.2d 42

Horizon Financial, F.A. *v.* Francis B. Furrick and Judith A. Furrick, his wife. Municipality of Bethel Park, Appellant.

Argued March 22, 1988, before Judges MACPHAIL and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*John Linkosky, with him, Victor R. Delle Donne, Baskin, Flaherty, Elliott & Mannino, P.C.,* for appellant.

*Stephen F. Capone,* for appellee.

OPINION BY JUDGE MACPHAIL, May 2, 1988:

The Municipality of Bethel Park (Bethel Park) appeals the order of the Court of Common Pleas of Allegheny County entered on January 22, 1987 disallowing its claim and ordering the refund to Horizon Financial, F. A. (Horizon) of the amount in controversy.[1] We affirm.

This appeal arises from separate claims by Bethel Park and by Horizon against proceeds of the judicial sale of real estate of Francis B. and Judith A. Furrick. Horizon's claim stems from a mortgage foreclosure, and Bethel Park's claim is from unpaid earned income and net profits taxes.[2] Pursuant to the mortgage foreclosure action filed by Horizon, an execution sale of the Furrick real estate was held on December 1, 1986. Horizon purchased the Furricks' property at the sale for $4,495.43 representing costs and taxes. The Sheriff's proposed schedule of distribution indicated that $3,335.65 would be paid from this amount to Bethel Park as payment of its judgment against the Furricks.

Horizon filed exceptions to this proposed schedule of distribution contending that Bethel Park's claim against the Furricks did not have priority over Horizon's mortgage claim. The trial court held that the claim of Bethel Park was not a municipal claim and, therefore, did not have priority over the prior recorded mortgage.

---

[1] The amount of $3,335.65 plus $66.71 as poundage was paid by the Sheriff to the Prothonotary of Allegheny County to be held in an interest bearing account pending final determination of the Exceptions to Sheriff's Proposed Distribution of Proceeds filed by Horizon in this matter.

[2] The aforementioned mortgage is dated October 11, 1979 and was recorded on November 29, 1979. Bethel Park's claim for unpaid taxes was reduced to judgment on November 20, 1985 at GD85-20255 in the office of the Prothonotary of Allegheny County.

The narrow issue for us to determine is whether a judgment obtained by a municipality for non-payment of earned income and net profits taxes levied by a municipality is entitled to priority under the provisions of Section 3(a) of the Act of May 16, 1923, P.L. 207 (Act), *as amended*, 53 P.S. §7106(a), which provides that municipal claims which are timely "imposed or assessed on any property" shall be fully paid and satisfied before any other obligation, judgment, claim, lien, or estate.

Since it is provided by Section 8141 of the Judicial Code (Code), 42 Pa. C. S. §8141, that adverse judgments have priority only from the date of their filing, Bethel Park's judgment is entitled to no priority here unless it qualifies for such priority under the Act.

Municipalities were given the authority to assess and collect earned income and net profits taxes by the provisions of Section 13 of The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257 (LTEA), *as amended*, 53 P.S. §6913. Article VII of Section 13 authorizes the tax collection officer to institute suit for the recovery of LTEA taxes due and unpaid. We assume that this was the means by which Bethel Park obtained its judgment in the instant case.

Bethel Park, citing Sections 1, 2 and 3 of the Act, 53 P.S. §§7101, 7103 and 7106, argues that the statutory language entitles its judgment to priority as a municipal claim.

Section 2 of the Act accords a first lien status to taxes imposed on *property*. "Property" is defined in Section 1 of the Act as "the *real estate* subject to the lien and against which the claim is filed as a lien." (Emphasis added.) Here, the tax was not assessed or imposed on real estate but upon earned income and net profits of the Furricks as individuals. We hold that Section 2 does *not* give first lien priority to Bethel Park's judgment. *See Lesher v. Martin,* 17 Pa. D. & C. 379 (1931).

We next turn to Section 3(a) of the Act which, as we have noted, directs that municipal claims "shall have priority to and be fully paid and satisfied out of the proceeds of any judicial sale of said property. . . ." Bethel Park contends that its judgment is a municipal claim; Horizon contends that it is not.

"Municipal claim" is defined in Section 1 of the Act as follows:

(1) the claim arising out of, or resulting from, a tax assessed, service supplied, work done, or improvement authorized and undertaken, by a municipality, although the amount thereof be not at the time definitely ascertained by the authority authorized to determine the same, and a lien therefor be not filed, but becomes filable within the period and in the manner herein provided,

(2) the claim filed to recover for the grading, guttering, macadamizing, or otherwise improving, the cartways of any public highway; for grading, curbing, recurbing, paving, repaving, constructing, or repairing the footways thereof; for laying water pipes, gas pipes, culverts, sewers, branch sewers, or sewer connections therein; for assessments for benefits in the opening, widening or vacation thereof; or in the changing of water-courses or the construction of sewers through private lands; or in highways of townships of the first class; or in the acquisition of sewers and drains constructed and owned by individuals or corporations, and of rights in and to use the same; for the removal of nuisances; or for water rates, lighting rates, or sewer rates, and

(3) the claim filed to recover for work, material, and services rendered or furnished in the construction, improvement, maintenance, and oper-

ation of a project or projects of a body politic or corporate created as a Municipal Authority pursuant to law.

It is the first clause in the definition that is troublesome. Bethel Park argues that since its claim arises out of "a tax assessed" by a municipality, the definition of municipal claim is satisfied. The language of the Superior Court of Pennsylvania in *Chartiers Valley School District v. Virginia Mansions Apartments, Inc.*, 340 Pa. Superior Ct. 285, 489 A.2d 1381 (1985), is strongly supportive of Bethel Park's argument. In that case, the Superior Court sustained preliminary objections to a complaint in equity filed by several taxing districts and dismissed the complaint on the ground that the taxing authorities had statutory remedies available to prevent the harm they perceived as occurring if equity did not intervene. In the course of that opinion, the Court stated that the definition of municipal claim as set forth in the Act does not limit the kinds of taxes included within the term "tax assessed," and thus "real estate and transit taxes," as examples, would be municipal claims. While we need not decide whether real estate taxes are municipal claims we do respectfully differ with our brothers and sister on the Superior Court when they suggest that *all* taxes imposed by a municipality are also municipal claims.[3]

In any event, the taxes in *Chartiers* were real estate taxes. In the case *sub judice* we are dealing with taxes which were not imposed or assessed against real estate belonging to the Furricks. Indeed, until a judgment was obtained, the real estate belonging to the Furricks was unaffected by the unpaid earned income and net

---

[3] Because the Superior Court's language to which we take exception was not necessary to reach the result in *Chartiers*, it very well may be treated as dicta.

profits taxes. We think the language in Section 4 of the Act, 53 P.S. §7107, is a clear indication of statutory intent that the "taxes" mentioned in the definition of municipal claim are limited to those assessed or imposed against real estate. Section 4 states in pertinent part that "[t]he lien *for taxes* shall exist in favor of, and the claim therefor may be filed *against the property* taxed by, any municipality to which the tax is payable." (Emphasis added.)

Section 3 of the Act giving priority to municipal claims limits that priority to municipal claims which "may hereafter be lawfully imposed or assessed *on any property*" (emphasis added) in the Commonwealth. Section 10 of the Act 53 P.S. §7144, sets forth the requirements to file a "claim". It is there stated that the municipality must set forth a description of the *property* against which the claim is filed. Finally, Section 11 of the Act, 53 P.S. §7145, states that "[t]he property described in tax claims shall include the whole property against which the tax is levied." Again we emphasize that the tax imposed by Bethel Park was not against Furricks' property.

For the above reasons we are constrained to hold that the judgment obtained by Bethel Park by reason of the non-payment of earned income and net profits taxes is not a municipal claim entitled to priority payment from the proceeds of a judicial sale. The order of the trial court, accordingly, is affirmed.

### ORDER

The order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.